UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KIMBERLY C. LOWERY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:16-CV-866-PPS-MGG |
|  | ) |  |
| NANCY A. BERRYHILL,[1] | ) |  |
| Acting Commissioner of the Social Security | ) |  |
| Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **OPINION AND ORDER**

Plaintiff Kimberly C. Lowery appeals the Social Security Administration's decision to deny her application for disability insurance benefits. An administrative law judge found that Lowery was not disabled within the meaning of the Social Security Act. Lowery raises a number of challenges to this determination, including that the ALJ did not properly evaluate all of Lowery's impairments. I agree and, therefore, I will reverse and remand on this issue.

**Background**

Lowery was 48 years old at the time of her alleged disability onset date. [A.R. at at 30.][2] She has at least a high school education. [*Id*.] Lowery previously worked

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as defendant in this suit.

[2] The administrative record is found in the court record at docket entry 5, and consists of 607 pages. I will cite to its pages according to the Social Security Administration's Bates stamp numbers rather than the Court's Electronic Case Filing

primarily as a hairstylist and, when the salon at which she was employed closed, took a part-time as a teacher's assistant with special education students. [*Id.* at 41, 44.] At her hearing before the ALJ, Lowery testified that should could not be a hairstylist now because it requires her to stand for too long of a period of time, the chemicals would affect her breathing problems, and she would not be able to lift the boxes for stocking. [*Id.* at 45.] Lowery has a history of problems with her lungs. She testified that she was treated for years for asthma and then eventually was diagnosed with COPD. [*Id.* at 53.] Lowery explained that she has swelling in her ankles and legs that she believes has to do with her problems with her lungs. [*Id.*] She testified that she took medication for her breathing issues, used a nebulizer, and used rescue inhalers. [*Id.* at 48-49.] She also testified that she had been taking anxiety and depression medication for at least seven or eight years and was taking several other types of medication, including one for vertigo. [*Id.* at 49, 51.]

Of particular importance for present purposes, Lowery testified that she had surgery in both of her hands in 2014, but was still experiencing pain. [*Id.* at 51-52.] She explained that if she had to use her hands on a frequent basis, it would be a problem and that if she uses her hands, she starts having pain that shoots up her arms. [*Id.* at 52.] Lowery also testified about her vision problems, explaining that she had a cornea transplant in her right eye and has difficulty seeing out of it. [*Id.* at 53.] Lowery also

---

page number.

testified that she has nerve damage and problems with her face and suffers from vertigo. [*Id.* at 51.]

After the hearing, the ALJ issued a decision denying benefits. [*Id.* at 21-35.] At Step One, the ALJ found that Lowery met the insured status requirements of the Social Security Act and that she has not engaged in substantial gainful activity since April 1, 2011, the alleged onset date. [*Id.* at 23.] At Step Two, the ALJ concluded that Lowery suffered from the following severe impairments: chronic obstructive pulmonary disorder (COPD), asthma, sleep apnea and carpal tunnel syndrome. [*Id.*] The ALJ concluded that Lowery's medically determinable mental impairments of affective disorder and anxiety do not cause more than minimal limitation in Lowery's ability to perform basic mental work activities and are, therefore, nonsevere. [*Id.*] At Step Three, the ALJ determined that these various impairments did not meet or medically equal the severity of one of the listed impairments. [*Id.* at 25.] Next, the ALJ found that Lowery has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and that:

> [T]he claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently and sit, stand and/or walk for six hours in an eight hour workday, except: the claimant is unable to climb ladders, ropes or scaffolds, may occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl, can frequently by not constantly finger bilaterally and must avoid concentrated exposure to humidity, pulmonary irritants such as fumes, dust and gasses and hazards such as dangerous machinery and unprotected heights.

3

[*Id.*] Given the RFC assigned by the ALJ, and based on the testimony of a vocational expert, the ALJ concluded that Lowery was not capable of performing her past relevant work as a hairstylist, but that there are jobs that exist in significant numbers in the national economy that Lowery could perform. [*Id.* at 30-31.]

## Discussion

My role is not to determine from scratch whether or not Lowery is disabled and entitled to benefits. Instead, my review of the ALJ's findings is deferential, to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). If substantial evidence supports the Commissioner's factual findings, they are conclusive. 42 U.S.C. §405(g).

What is "substantial evidence?" The term suggests a rigorous review is required. But it's helpful on occasion to remind ourselves just how low the Supreme Court has defined the standard of review. The Court has told us that while it is more than a "scintilla" of evidence, it's less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The review of an ALJ's findings is a light and deferential one.

Lowery makes two arguments as to how the ALJ erred, but I will focus on her claim that the ALJ failed to properly evaluate all of Lowery's impairments. [DE 11 at

16-20.] While the ALJ need not discuss every piece of evidence, he cannot ignore significant evidence supporting a claimant's claim. *See Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Failure to discuss an entire line of evidence make it "impossible for a reviewing court to tell whether the ALJ's decisions rests upon substantial evidence." [*Id.*]

The ALJ completely failed to discuss several of Lowery's physical impairments. The ALJ's opinion focuses on Lowery's breathing problems, including asthma, COPD, and sleep apnea, and fails to discuss her non- breathing- related impairments. The ALJ included carpal tunnel syndrome in Lowery's list of severe impairments, but his opinion is devoid of analysis of this limitation and how, if it all, it needed to be accounted for in his RFC determination. [A.R. at 23.] The RFC determination contains the limitation that Lowery "can frequently but not constantly finger bilaterally." If permitted, I might speculate that these limitations speak to Lowery's carpal tunnel issues, but I am not sure how or why because the ALJ's opinion contains no analysis beyond the assertion that Lowery "has a history of carpal tunnel release." [*Id.* at 29.] Regardless, I am not permitted to engage in this type of guesswork. The ALJ listed carpal tunnel as a severe impairment, but included no discussion regarding if or how it limited Lowery's ability to perform basic work functions. As such, it is impossible for me to review the ALJ's decision because I have no idea how or why he made it.

The ALJ also failed to discuss or otherwise indicate that he considered the impact that Lowery's non-severe impairments had on her ability to perform basic work activities, which is a required part of the ALJ's analysis. *See* 20 C.F.R. § 404.1545; SSR 96-8p. Having found that one or more of Lowery's impairments was "severe," "the ALJ needed to consider the aggregate effect of this entire constellation of ailments—including those impairments that in isolation are not severe." *Golembiewski*, 322 F.3d at 918. "Although these impairments may not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009). The ALJ failed to discuss Lowery's vision issues. Lowery testified at her hearing that she had a cornea transplant in her right eye and has difficulty seeing out of it. [A.R. at 53.] The record reflects that in November 2011, Lowery underwent a corneal transplant due to keratoconus and severe corneal scarring and experienced three rejection episodes in February, May, and September of 2012. [*Id.* at 426-28; 283-314.] The most recent notes regarding her eye, taken during a May 2013 visit to Price Vision Group, indicate that Lowery continued to experience problems in her right eye related to the transplant, resulting in fluctuations of her visual acuity. [A.R. at 328.] The ALJ discussed none of this.

The ALJ also failed to discuss Lowery's central and bilateral peripheral vestibulopathies. Lowery testified that she has nerve damage and problems with her face and suffers from vertigo. [*Id.* at 51.] The records indicate that Lowery saw a

6

neurologist in the Summer of 2014 who found her tests to be "suspicious for a central vestibulopathy, as well as findings possibly consistent with bilateral peripheral vestibulopathies." [*Id.* at 456.] These appear to be consistent with Lowery's claims of dizziness, caused by vertigo, yet go unaddressed by the ALJ.

While the ALJ completed a fairly thorough analysis of Lowery's breathing-related impairments, his opinion virtually is silent on all of her other physical impairments. The ALJ needed to develop a full and fair record, considering the aggregate effect of all of Lowery's impairments, and has not done so here, preventing meaningful review of the decision to deny benefits. Even though the ALJ's RFC determination appears to include a limitation to account for at least one of these impairments, I have no idea why or how, because he did not discuss it in his opinion. As such, I must remand this action on the ALJ's failure to properly evaluate all of Lowery's impairments. Because this ground already requires remand, I will not address Lowery's remaining arguments, but the ALJ should consider and address them as appropriate.

## Conclusion

For the reasons stated above, the ALJ's decision denying benefits is **REVERSED** and this cause is **REMANDED** for further proceedings consistent with this Opinion and Order.

**SO ORDERED**.

ENTERED: March 14, 2018.

   s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**